**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01377-REB-MJW

CHRISTOPHER JOHN DANTINNE, on behalf of himself and others similarly situated,

    Plaintiff,

v.

ABBOTT LABORATORIES, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

**Blackburn, J.**

The matters before me are (1) plaintiff's **Opposed Motion To Remand Pursuant to 28 U.S.C. § 1447 and Defendant's June 12, 2009 Notice of Removal [Document No. 1]** [#13] filed July 13, 2009; and (2) **Defendant Abbott Laboratories, Inc.'s Motion for Leave To File Sur-Reply** [#24] filed August2 4, 2009.  I grant the motion for leave to file the sur-reply and deny the motion to remand.

### I.  JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  Where the alleged basis of removal is diversity of citizenship, the parties must be completely diverse, and the amount in controversy must exceed $75,000, exclusive of interest,

costs, and attorney fees.  **See** 28 U.S.C. § 1332(a).  Alternatively, in a putative class action such as this one, diversity jurisdiction may be established when any one of the putative class members is completely diverse from the defendant and the aggregate amount of all class members' claims exceeds $5,000,000.  **See** 28 U.S.C. § 1332(d).

In either event, the facts establishing federal diversity jurisdiction "must be affirmatively established on the face of either the petition or the removal notice." **See Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995).  Because the complaint does not recite a specific dollar amount of recovery sought, the burden is on defendant as the removing party to establish by a preponderance of the evidence that the jurisdictional amount is satisfied.  **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III.  ANALYSIS

Originally, plaintiff argued only that remand was required because defendant had failed to demonstrate that the aggregated claims of all class members would exceed $5,000,000, as contemplated by 28 U.S.C. § 1332(d).[1]  After defendant pointed out that it had removed this case pursuant to the more commonly utilized provisions of section 1332(a), plaintiff abruptly changed course, arguing that the allegations regarding the amount in controversy asserted in the notice of removal were inadequate.[2]

I disagree.  Defendant very conscientiously set forth its calculations of plaintiff's

---

[1]  Section 1332(d) codifies the provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (119 Stat. 4).  This section presents an alternative, rather than a mutually exclusive, basis for removal of putative class actions.  **See Geismann v. Aestheticare, LLC**., 622 F.Supp.2d 1091, 1098 (D. Kan. 2008).

[2]  For this reason, defendant's motion for leave to file a sur-reply will be granted.

potential recovery in this case in its notice of removal.  (**See Notice of Removal** ¶ 13 at 3-4 & n.1 [#1], filed June 12, 2009.)  Its calculations were based on a plausible, good-faith estimate of plaintiff's potential damages in the case.  **See McPhail v. Deere & Co.**, 529 F.3d 947, 955-56 (10th Cir. 2008); **Meridian Security Insurance Co. v. Sadowski**, 441 F.3d 536, 541 (10th Cir. 2006).  Defendant estimated, arguably rather conservatively, that plaintiff would seek approximately eight hours of overtime pay for the forty-week period of his employment with defendant.  Plaintiff counters that if he were to ask for only two hours of overtime per week, the potential damages would be reduced below the jurisdictional minimum.  Tellingly, however, he does not affirmatively state that he, in fact, is seeking such a minimal level of overtime pay.  **See Lindley v. Life Investors Insurance Co. of America**, 2008 WL 4525423 at *6 (N.D. Okla., Oct. 2, 2008); **Eatinger v. BP America Production Co.**, 524 F.Supp.2d 1242, 1347-48 (D. Kan. 2007); **Wollett v. Mendota Insurance Co.**, 2007 WL 4178552 at *1 (D. Colo. Nov. 21, 2007).  Plaintiff's hypothetical calculations, unsupported by a firm commitment to eschew damages exceeding the jurisdictional minimum amount in controversy, cannot defeat an otherwise properly supported notice of removal.  **See St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

In addition, plaintiff seeks attorney fees, which are potentially recoverable and properly included in the estimation of the amount in controversy.  *See Woodmen of World Life Insurance Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *Lininger v. State Farm Fire and Casualty Co.*, 958 F.Supp. 519, 520 (D. Kan. 1997). Again, defendant offered a reasonable, conservative estimate of the possible fees, which plaintiff does not disclaim.  Together with damages and statutory penalties, these amounts are more than sufficient to satisfy the jurisdictional minimum amount in controversy required by section 1332(a).

**THEREFORE, IT IS ORDERED**, as follows:

1.  That **Defendant Abbott Laboratories, Inc.'s Motion for Leave To File Sur-Reply** [#24] filed August 24, 2009, is **GRANTED**; and

2.  That plaintiff's **Opposed Motion To Remand Pursuant to 28 U.S.C. § 1447 and Defendant's June 12, 2009 Notice of Removal [Document No. 1]** [#13] filed July 13, 2009, is **DENIED**.

Dated August 31, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

4